IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

AMY EASON,

                                Hon.

      Plaintiff,                 Case No.

v.

ATG CREDIT, LLC

      Defendant.

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **Amy Eason** (Plaintiff), by and through counsel, brings this action against the above listed Defendant, **ATG Credit, LLC** (Defendant or ATG) on the grounds and in the amounts set forth herein:

## I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq*, and The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. and seeks actual damages, costs and attorneys fees.

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of Lee County, Florida, and a consumer as defined by 15 U.S.C. 1692a(3) and Florida Statutes, Sections 559.55 (2).

2.

The Defendant ATG Credit LLC is a debt collector and For-Profit Corporation with its

headquarters located in the State of Illinois and the actions in this case taking place at Plaintiff's home in the City of Lehigh Acres, Lee County, Florida. **Please see Exhibit 5**

3.

The Defendant is engaged in the collection of debts from consumers using the mail and telephone. The Defendant regularly attempt to collect consumer debts alleged to be due another and are debt collectors as provided in 15 U.S.C. 1692a(6) and FCCPA, 559.55 (6).

### III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. 1692 *et seq.* and The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. The venue is proper in any court of competent jurisdiction under 15 U.S.C. 1692k(d).

### IV. STATUTORY STRUCTURE

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. 1692.

6.

Under the FDCPA, a consumer is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).

7.

Under the FDCPA, a debt means any obligation or alleged obligation of a consumer to

pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. 1692a(5).

8.

Under the FDCPA, a debt collector is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. 1692c© by contacting the consumer after she has advised the debt collector to cease and desist.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

## **FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)**

12.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A Debt Collector means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

14.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

15.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

16.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be

expected to abuse or harass the debtor or any member of her or his family; and

(9) by enforcing or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

17.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In an action brought pursuant to subsection (1 and 2), in determining the Defendant's liability for any additional statutory damages, the court shall consider the nature of the Defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## V. FACTUAL ALLEGATIONS

18.

Plaintiff realleges the above pleadings.

19.

Plaintiff is receiving calls from Defendant one or two times a day. Ms. Eason has asked the person calling to stop or at least inform her of what debt she owes but ATG's collector refuses or hangs up. **Please See Exhibit 1**. Plaintiff has not received anything from ATG advising her or her rights under the FDCPA.

20.

On January 21, 2014, Plaintiff sent Defendant ATG a Validation letter asking Defendant

to send her something showing they have a right to collect a debt from her. The letter was also cease and desist letter asking Defendant to stop contacting her until they verify the debt. **Please see attached Exhibit No. 2**. Defendant received the letter on January 29, 2014. **Please see attached Exhibit No. 3**.

21.

Since receiving Ms. Eason's validation and cease and desist letter, Defendant is continuing to call her and has not sent her any proof she owes a debt to them as required by the FDCPA. Defendant is ignoring her attempts to get them to stop calling her. **Please see attached Exhibit No. 4 and Exhibit 1**.

22.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and FCCPA.

## VI. CAUSES OF ACTION

### CLAIM AGAINST DEFENDANTS UNDER THE FDCPA AND FCCPA

23.

Plaintiff realleges the above pleadings.

24.

The Defendant ATG Credit, LLC has violated the FDCPA, 15 U.S.C. 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt as pled above.

25.

Defendant has violated the FDCPA, 15 U.S.C. 1692c by contacting a consumer after

receiving a "cease and desist" letter.

26.

Defendant has violated the FDCPA, 15 U.S.C. 1692g(a) and (b) by not providing Plaintiff of her FDCPA validation and dispute rights within five business days of contacting Ms. Eason.

27.

Defendant has violated the FDCPA, 15 U.S.C. 1692g(b) by contacting Plaintiff after receiving her demand for validation and not verifying or validating the debt prior to contact Plaintiff again.

28.

Defendant has violated the FCCPA, 559.72 (9) by enforcing or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist

29.

Defendant has violated the FCCPA, 559.72(7) by willfully harassing Plaintiff with repeated contact regarding a debt when Defendant has received a cease and desist letter from Plaintiff.

30.

Under the FCCPA, the Defendants shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the Defendant's liability for any additional statutory damages, the court shall consider the nature of the Defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such

noncompliance was intentional.

31.

As a result of the actions of Defendants, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 20 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

32.

Plaintiff seeks judgment against the Defendants in whatever amount that Plaintiff is entitled including actual damages, consequential damages, punitive damages and the costs and expenses of this action under the FDCPA and FCCPA.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory damages and actual damages under the FDCPA and FCCPA;
3. For $1,000 and actual damages under 559.72;
4. For punitive damages under the FCCPA;
4. For attorney's fees and costs incurred in this action under the FDCPA and FCCPA;
5. For Actual Damages under the FDCPA and FCCPA, and
6. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 24th day of February, 2014.

                                          Respectfully submitted,

                                          /s/Brian P. Parker
                                          BRIAN P. PARKER (0980668)
                                          Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**AMY EASON,**

                                                Hon.

       **Plaintiff,**                           Case No.

v.

**ATG CREDIT, LLC**

       **Defendant.**

---

## PROOF OF SERVICE

The undersigned certifies that he filed Complaint and Jury Demand, along with this Proof of Service, with the United States District Court for the Middle District of Florida Fort Myers Division via First-Class Mail on February 24, 2014.

                                                                         /s/ Brian P. Parker
                                                                         Brian P. Parker